IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 25-cv-01815-PAB-STV

MARY CECILE OERTLI,

    Plaintiff,

v.

OWNERS INSURANCE COMPANY,

    Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

Magistrate Judge Scott T. Varholak

    This matter comes before the Court on Defendant's Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (the "Motion"). [#31] The Motion has been referred to this Court. [#35] This Court has carefully considered the Motion and related briefing, the entire case file and the applicable case law, and has determined that oral argument would not materially assist in the disposition of the Motion. For the following reasons, the Court respectfully **RECOMMENDS** that the Motion be **GRANTED** and that the exemplary damages request for relief be **DISMISSED WITHOUT PREJUDICE**.

**I.      FACTUAL BACKGROUND**[1]

This case arises out of a dispute related to a homeowner's insurance policy (the "Policy") that Plaintiff purchased from Defendant. [#25 at ¶ 1] Plaintiff paid additional premiums under the Policy to obtain coverage exceeding the standard coverages and limits. [*Id.* at ¶ 2] Specifically, Plaintiff purchased additional coverages for: (1) Water and Sewer Backup (the "Water Backup Coverage") with a deductible of $2,500 and a limit of $5,000; (2) Ordinance or Law Coverage with a limit of $28,050; and (3) Property Coverage for Fungi Wet Rot, Dry Rot and Bacteria (the "Wet Rot Coverage") with a limit of $28,050.[2] [#25 at ¶ 2] The Policy and the additional coverages were in effect on May 11, 2023, when Plaintiff's basement flooded. [*Id.* at ¶ 3] Plaintiff filed claims pursuant to the Policy on May 13, 2023. [*Id.*]

Plaintiff's personal belongings, carpet, and paneling were damaged by the flooding. [*Id.*] Plaintiff engaged in various efforts to mitigate the damage, such as paying vendors $25,000 to remove debris from Plaintiff's basement. [*Id.* at ¶ 9] Prior to this payment, contractors discovered that the back of the paneling on Plaintiff's home had "high toxicity glue" attaching it to the plywood behind it. [*Id.* at ¶ 8] Because Plaintiff's home was located in Jefferson County, the contractors could not legally remove the toxic material without a permit and remediation process. [*Id.*]

---

[1] The facts are drawn from the allegations in Plaintiff's Amended Complaint (the "Complaint") [#25], which the Court accepts as true at this early stage of the proceedings. *See Wilson v. Montano*, 715 F.3d 847, 850 n.1 (10th Cir. 2013) (citing *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011)).

[2] When ruling on a motion to dismiss, "courts must consider the complaint in its entirety, as well as . . . documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007). Though Plaintiff does not specify the limit on the Wet Rot Coverage in her Complaint, she incorporates by reference a copy of the Policy which identifies this limit. [#9-1 at 1]

2

Plaintiff attempted on various occasions to contact Defendant's agent and adjuster about the flooding. [*Id.* at ¶ 11] On May 21, 2023, Defendant's adjuster reviewed Plaintiff's home with contractors. [*Id.*] Defendant's agent agreed that the wet carpet, plywood, and debris needed to be removed. [*Id.*] On May 31, 2023, Defendant reimbursed Plaintiff $5,000 under the Water Backup Coverage. [*Id.* at ¶ 4]

Plaintiff filed a Sworn Proof of Claim on June 23, 2023. [*Id.* at ¶ 12] Defendant's adjuster informed Plaintiff on July 10, 2023 that Defendant would not cover the additional damages under the Ordinance or Law Coverage or the Wet Rot Coverage. [*Id.*] Plaintiff had already contracted to have the debris removed at this time. [*Id.*] Plaintiff was not informed, when she purchased the additional coverages, that by using the Water Backup Coverage, the other coverages would no longer apply. [*Id.* at ¶ 21]

Defendant was not authorized to do business in Colorado from January 31, 2024, through June 24, 2024. [*Id.* at ¶ 22] Its parent company was not authorized to do business in Colorado from August 1, 2020, through June 24, 2024. [*Id.*] Plaintiff claims that this constitutes outrageous conduct. [*Id.*]

On September 16, 2025, Plaintiff filed an Amended Complaint asserting two causes of action: (1) an unreasonable denial of coverage claim pursuant to Colo. Rev. Stat. § 10-3-1115 and Colo. Rev. Stat. § 10-3-1116 [*Id.* at ¶¶ 15-20] and (2) a common law bad faith breach of contract claim [*id.* at ¶¶ 21-36]. Plaintiff requests an award of compensatory damages and exemplary damages, among other things. [*Id.* at 16]

Defendant filed this Partial Motion to Dismiss on October 1, 2025. [#31] Plaintiff responded [#34] and Defendant replied [#36]. This matter is thus ripe for disposition.

## II.     STANDARD OF REVIEW

### A.     Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." In deciding a motion under Rule 12(b)(6), a court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Cassanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). Nonetheless, a plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "The burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Id.* (quoting *Twombly*, 550 U.S. at 556). The ultimate duty of the court is to "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

### B. Pro Se Litigants

"A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)). "The *Haines* rule applies to all proceedings involving a pro se litigant." *Id.* at 1110 n.3. The Court, however, cannot be a pro se litigant's advocate. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008). Moreover, pro se parties must "follow the same rules of procedure that govern other litigants." *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (quoting *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992)).

## III. ANALYSIS

The Motion only seeks dismissal of Plaintiff's claim for exemplary damages. [#31] Defendant argues that Plaintiff's request for exemplary damages is premature, as initial disclosures had not been exchanged at the time Plaintiff filed her Amended Complaint, and Plaintiff has not established a prima facie case for exemplary damages. [*Id.* at 4-5] The Court agrees.

> Colorado law provides:
>
> A claim for exemplary damages . . . may not be included in any initial claim for relief. A claim for exemplary damages . . . may be allowed by an amendment to the pleadings only after the exchange of initial disclosures pursuant to rule 26 of the Colorado rules of civil procedure and the plaintiff establishes prima facie proof of a triable issue. After the plaintiff establishes the existence of a triable issue of exemplary damages, the court may, in its discretion, allow additional discovery on the issue of exemplary damages as the court deems appropriate.

Colo. Rev. Stat. § 13-21-102(1.5)(a). A claim for exemplary damages is permitted where "the injury complained of is attended by circumstances of fraud, malice, or willful and wanton conduct." *Id.* at § 13-21-102(1)(a). "'Willful and wanton conduct' means conduct

5

purposefully committed which the actor must have recognized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff." *Id.* at § 13-21-102(1)(b). "Exemplary damages are intended to punish the defendant and deter the defendant or others from committing similar offenses in the future." *McGreevy v. Jenkins*, No. 21CA1249, 2023 WL 12056749, at *9 (Colo. App. Feb. 9, 2023) (citing *Mince v. Butters*, 616 P.2d 127, 129 (Colo. 1980)).

"The question of whether the plaintiff has established sufficient proof to add a claim for exemplary damages lies within the sound discretion of the trial court." *Harris v. Stallings*, No. 24CA1543, 2025 WL 2079975, at *7 (Colo. App. July 24, 2025) (quoting *Stamp v. Vail Corp.*, 172 P.3d 437, 449 (Colo. 2007)). "Prima facie proof of a triable issue of exemplary damages is established by 'a showing of a reasonable likelihood that the issue will ultimately be submitted to the jury for resolution.'" *Id.* (quoting *Stamp*, 172 P.3d at 449). "Such proof may be established through discovery, by evidentiary means, or by an offer of proof." *Id.* (quoting *Stamp*, 172 P.3d at 449). "Prima facie evidence is evidence that, unless rebutted, is sufficient to establish a fact." *Id.* (quoting *Stamp*, 172 P.3d at 449). "Conduct that is merely negligent cannot serve as the basis for exemplary damages." *Louisiana Purchase Condo. Ass'n, Inc. v. Am. Fam. Mut. Ins. Co.*, No. 17CA2369, 2019 WL 13574801, at *5 (Colo. App. Feb. 14, 2019) (citing *Tri-Aspen Constr. Co. v. Johnson*, 714 P.2d 484, 487 (Colo. 1986)).

Plaintiff's Motion to Amend that led to the currently operative Complaint described a request to "name the correct party as Defendant and to make other revisions to the complaint as needed to fully set forth the facts regarding the demand for exemplary damages." [#13 at 2] Plaintiff did not explain the nature of the facts or evidence

6

supporting her claim for exemplary damages within the Motion to Amend.  The Motion to Amend was granted after a status conference.  [#14]  In both the original Complaint and the Amended Complaint, Plaintiff requested exemplary damages.  [#3 at 6; #25 at 16]

To date, Plaintiff has not identified any evidence amounting to prima facie proof of a triable issue on exemplary damages.  Plaintiff argues that prima facie proof exists because she alleges that Defendant lacked good standing in the State of Colorado in 2024, she needed to pay vendors through refinancing her home, she still cannot use her basement, and her former spouse was entering hospice at the time of the events which comprise this Complaint.  [#34 at 2]  Regardless of the truth or relevance of any of these assertions, Plaintiff never provided the Court with any prima facie proof of a triable issue prior to adding a request for exemplary damages to the Amended Complaint.  And Plaintiff has not established that a triable issue exists through discovery, by evidentiary means, or by an offer of proof.  Additionally, Plaintiff does not appear to refute that she filed the Amended Complaint prior to completing an exchange of initial disclosures pursuant to Rule 26 of the Colorado Rules of Civil Procedure.

Accordingly, Plaintiff has not complied with Colo. Rev. Stat. § 13-21-102(1.5)(a). Because Plaintiff has not complied with the rules required to amend a complaint to add a claim for exemplary damages, the Court recommends that the exemplary damages request be DISMISSED WITHOUT PREJUDICE.  *See Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001); *Reynoldson v. Shillinger*, 907 F.2d 124, 127 (10th Cir. 1990).

IV.     **CONCLUSION**

For the foregoing reasons, the Court respectfully **RECOMMENDS** that the Motion [#31] be **GRANTED** and that the exemplary damages request for relief be **DISMISSED WITHOUT PREJUDICE**.[3]

DATED:  December 18, 2025                              BY THE COURT:

                                                                                s/Scott T. Varholak
                                                                                United States Magistrate Judge

---

[3] Within fourteen days after service of a copy of this Recommendation, any party may serve and file written objections to the magistrate judge's proposed findings of fact, legal conclusions, and recommendations with the Clerk of the United States District Court for the District of Colorado.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 583 (10th Cir. 1995).  A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review."  *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings of fact, legal conclusions, and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings of fact, legal conclusions, and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (holding that the district court's decision to review magistrate judge's recommendation *de novo* despite lack of an objection does not preclude application of "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refin. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (finding that cross-claimant waived right to appeal certain portions of magistrate judge's order by failing to object to those portions); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that plaintiffs waived their right to appeal the magistrate judge's ruling by failing to file objections).  *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (holding that firm waiver rule does not apply when the interests of justice require review).