IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 25-cv-01815-PAB-STV

MARY CECILE OERTLI,

    Plaintiff,

v.

OWNERS INSURANCE COMPNAY, an Ohio corporation,

    Defendant.

---

### ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

---

    This matter is before the Court on the Recommendation of United States Magistrate Judge [Docket No. 37].  The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties.  Docket No. 37 at 8 n.3; *see also* 28 U.S.C. § 636(b)(1)(C).  The Recommendation was served on December 18, 2025.  No party has objected to the Recommendation.

    In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").  In this matter, the Court has reviewed the Recommendation

to satisfy itself that there is "no clear error on the face of the record."[1]  Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law.  Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 37] is **ACCEPTED**.  It is further

**ORDERED** that Defendant's Partial Motion to Dismiss [Docket No. 31] is **GRANTED**.  It is further

**ORDERED** that plaintiff's exemplary damages request is **DISMISSED without prejudice**.

DATED January 6, 2026.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

[1] This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).